UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DONOVAN G. DAVIS, JR.,

    Petitioner,

v.                                      Case No: 5:20-cv-551-Oc-39PRL

WARDEN, FCC COLEMEN-LOW,
et al.,

    Respondents.
_____

**ORDER**

Petitioner, through counsel, moves the Court to reconsider its Order dismissing this case for Petitioner's failure to assert a cognizable claim under 28 U.S.C. § 2241 (Doc. 8; Motion). Petitioner argues the Court misinterpreted his claim one challenging the conditions of his confinement at Coleman-Low, when in fact is challenging the fact or duration of his confinement. See Motion at 1. Petitioner clarifies that he asserts "there are no set of conditions of prison confinement for someone with [Petitioner's] comorbidities that could be constitutional in light of the COVID-19 pandemic." Id. Petitioner further explains he is "challenging the Respondents' failure to adequately exercise their … statutory authority under 18 U.S.C. § 3624(c)(2)." Id. at 3 (punctuation added).

Petitioner does not cite a rule of procedure that permits the relief he seeks in his motion. See id. at 1. However, the Eleventh Circuit has recognized that, after entry of final judgment, a party seeking reconsideration of an order proceeds under "either Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment or order)." See Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 n.5 (11th Cir. 1993). A motion to alter or amend a judgment, pursuant to Rule 59(e), must be filed within twenty-eight days of entry of the judgment. See Fed. R. Civ. P. 59(e). Petitioner filed his motion within that timeframe. Thus, the Court construes the motion as one seeking relief under Rule 59(e).[1] See Succullo v. United States, No. 8:16-CV-410-T-36TBM, 2017 WL 6383984, at *2 (M.D. Fla. Oct. 3, 2017) (explaining that motions for reconsideration filed within twenty-eight days of a court's judgment fall under Rule 59(e), while those filed after the twenty-eight-day period fall under Rule 60(b)).

Under Rule 59(e), a court has discretion to reconsider an order it has entered. See Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000). However,

---

[1] To the extent Petitioner moves for relief under Rule 60(b) on the basis of "mistake," district courts generally apply the same standard whether a motion for reconsideration is brought under Rule 59(e) or Rule 60(b). See, e.g., Church of Our Savior v. City of Jacksonville Beach, 108 F. Supp. 3d 1259, 1265 (M.D. Fla. 2015) (recognizing that, whether a motion for reconsideration falls under Rule 59(e) or 60(b), reconsideration is justified on one of three grounds: a change in the law; discovery of new evidence; or to correct clear error or mistake).

motions for reconsideration should be granted sparingly and considered with caution. See United States v. Bailey, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003), affd, 419 F.3d 1208 (11th Cir. 2005). A party moving for reconsideration of an order must demonstrate "newly-discovered evidence or manifest errors of law or fact." Jacobs v. Tempur-Pedic Int'l., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007)). See also See Monfiston v. Wetterer, No. 215CV662FTM38MRM, 2020 WL 3064317, at *2 (M.D. Fla. June 9, 2020) (emphasizing that the movant carries the burden "to establish the extraordinary circumstances supporting reconsideration").

The purpose of a motion for reconsideration is not to ask the court to "reexamine an unfavorable ruling." Jacobs, 626 F.3d at 1344. In other words, a party may not use a motion for reconsideration as a means "to relitigate old matters, raise argument or present evidence that could have been raised" previously. Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005) (holding the district court properly denied a Rule 59(e) motion because the movant merely "disagreed with the district court's treatment of certain facts and its legal conclusions").

In his motion for reconsideration before the Court, Petitioner does not argue he is entitled to relief because of newly discovered evidence or a change in the law. Nor does he identify a manifest error in law or fact. Rather, he expresses disagreement with the Court's legal conclusions and essentially asks

3

the Court to reexamine an unfavorable ruling. As such, he is not entitled to the relief he seeks. In concluding Petitioner's claim was not cognizable under § 2241, the Court closely reviewed the Petition and Petitioner's motion for injunctive relief (Doc. 3). See Order (Doc. 6). The Court considered relevant legal authority, including the Sixth Circuit opinion Petitioner highlights in his motion, which held that medically vulnerable prisoners could proceed under § 2241 where they sought release from custody and asserted there were no steps prison officials could take to make their conditions of confinement reasonably safe during the pandemic. See Wilson v. Williams, 961 F.3d 829, 832, 837 (6th Cir. 2020).

Here, contrary to the plaintiffs in Wilson, Petitioner contends he does not seek release from custody. Rather, he seeks transfer to a different type of custody—home confinement. Thus, even if the Court were to have accepted his Petition as potentially cognizable under § 2241, the Court could not provide the relief he seeks, as fully discussed in the dismissal Order. See id. at 838 ("A district court reviewing a claim under § 2241 does not have authority to circumvent the established procedures governing the various forms of release enacted by Congress.").[2] See also Haymore v. Joseph, No. 3:20CV5518-

---

[2] Indeed, the Wilson court emphasized that "the district court's order requiring transfer from Elkton to another BOP facility was not proper under § 2241." See 961 F.3d at 839. This is so because relevant provisions of the United States Code mandate the BOP retains the sole authority to designate an

4

MCR/MAF, 2020 WL 6587279, at *8 (N.D. Fla. Sept. 21, 2020), report and recommendation adopted, No. 3:20CV5518-MCR/MAF, 2020 WL 6581975 (N.D. Fla. Nov. 9, 2020) (concluding the petitioner's claim "appear[ed] appropriate" under § 2241 but denying the petition because the relief the petitioner sought—release to home confinement—was not one a district court could order).

Additionally, Petitioner's request for relief includes measures to improve the overall conditions at Coleman-Low, which contradicts his implicit suggestion that no measures can be taken to make his confinement conditions reasonably safe in accordance with Eighth Amendment protections. In Wilson, on the other hand, the medically vulnerable plaintiffs did not argue "there [were] particular procedures or safeguards that the [Bureau of Prisons (BOP)] should put in place to prevent the spread of COVID-19." See 961 F.3d at 837. Rather, they argued there were "no conditions of confinement sufficient to prevent irreparable constitutional injury." Id. at 838. Notably, the Sixth Circuit also held the district court properly concluded a sub-class of inmates who sought solely improvement in prison conditions could not proceed because "conditions of confinement claims seeking relief in the form of improvement of

---

inmate's place of imprisonment, including home confinement. See 18 U.S.C. § 3621(b); see also 18 U.S.C. § 3624(c) (characterizing home confinement as a kind of "prerelease custody").

prison conditions or transfer to another facility are not properly brought under § 2241." Id.

Finally, the facts here are distinguishable in a significant way from those presented to the court in Wilson: the plaintiffs in Wilson were housed at FCI Elkton, one of the three BOP institutions Attorney General Barr expressly identified in his April 3, 2020 memo as "experiencing significant levels of infection," and needing to "move with dispatch" to utilize the home confinement tool. See Federal Bureau of Prisons website, available at https://www.bop.gov/coronavirus/docs/bop_memo_home_confinement_april3.pdf (last visited Dec. 7, 2020). Attorney General Barr directed the BOP to "immediately review all inmates who have COVID-19 risk factors . . . starting with the inmates incarcerated at . . . FCI Elkton, and other similarly situated facilities." Id.

According to the BOP's website, FCI Elkton and Coleman-Low do not appear to have been similarly situated with respect to COVID-19 cases: the number of inmates who have tested positive for COVID-19 at FCI Elkton is 658 compared to 266 at Coleman-Low, where the inmate population is higher. See id. To date, 896 inmates at FCI Elkton have recovered from the virus while nine have died. The numbers at Coleman-Low are much lower: 221 inmates

have recovered, and one has died. Currently, there are zero inmates with COVID-19 at Coleman-Low. Id.³

For the reasons stated, Petitioner's motion for reconsideration (Doc. 8) is **DENIED**.⁴

**DONE AND ORDERED** at Jacksonville, Florida, this 11th day of December 2020.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Counsel of Record

---

³ Also of note, the Wilson court held the BOP's failure to "make robust use of . . . home confinement . . . does not constitute deliberate indifference" because Eighth Amendment jurisprudence does not mandate that prison officials "take every possible step to address a serious risk of harm." See 961 F.3d at 844. Thus, the district court's entry of injunctive relief was an abuse of discretion. Id. at 845.

⁴ The Court notes this case was dismissed without prejudice subject to Petitioner's right to pursue other avenues of relief that may be available. Such avenues may include filing a claim under Bivens, or filing a new habeas petition, which seeks relief cognizable under § 2241.

7